IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0228** |
| | ) | **Misc. No. 05-322** |
| | ) | **Electronically Filed** |
| **CURT D. KOSOW** | ) | |

<u>**ORDER IN CRIMINAL CASE**</u>

On August 25, 2005, defendant Curt Kosow's first attorney of record in this matter filed a motion to disqualify the United States Attorney's Office for the Western District of Pennsylvania from representing the United States of America in the then-pending Grand Jury investigation of his buisness, the now defunct "Bare Elegance" night club.  The motion to disqualify asserts (1) that the husband of United States Attorney Mary Beth Buchanan and his law firm had provided significant legal services for Mr. Kosow and "Bare Elegance" relating to the incorporation of the business and in several disputes with Mr. Kosow's former partners and others in commercial litigation, and (2) that Mr. Kosow initially had retained Stephen Kaufman to represent him in matters related to the Grand Jury investigation, but that Mr. Kaufman left private practice and returned to his former position with the United States Attorney's Office for the Western District of Pennsylvania, where he is a supervisor.

The motion was docketed at this Court's Miscellaneous Docket at Misc. No. 05-322 (doc. no. 1), and the government filed its response thereto (doc. no. 14) on October 12, 2005.  The motion to disqualify was assigned to another member of this Court, who never resolved the motion.  Defendant thereafter was indicted at Criminal No. 06-228, on June 21, 2006, for conspiracy to distribute and possess with the intent to distribute less than 500 grams of cocaine, a Schedule II controlled substance, and quantities of methylenedioxymethamphetamine (MDMA),

commonly known as ecstasy, a Schedule I controlled substance, from in or around the Spring of 1998, to in or around March of 2003, five counts of federal income tax evasion, two counts of making false tax returns, and conspiracy to defraud the Internal Revenue Service. .

This Court did not learn of the pending motion on the Miscellaneous Docket to disqualify the United States Attorneys Office for the Western District of Pennsylvania until August 17, 2007, at the Final Pretrial Conference, when government counsel brought the matter to the Court's attention. See Minute Entry (doc. no. 75). The motion had not been made part of the docket or record in the criminal prosecution at Criminal No. 06-228. None of defendant's four retained or one court appointed counsel of record (see Memorandum Opinion Regarding Defendant's Competency to Forfeit His Right to Counsel and to Stand Trial (doc. no. 89)) renewed or supplemented the motion to disqualify following the indictment, nor did any of his attorneys otherwise press the issue or make any effort to obtain a ruling.

After careful consideration of the motion to disqualify and the government's response, the Court will deny the motion for two reasons. First, in a very real sense, the motion to disqualify is moot, since the relief requested was for the Court to disqualify "the Office of the United States Attorney for the Western District of Pennsylvania from continuing to represent the United States of America in an ongoing investigation before the above numbered Grand Jury, where Kosow is a target . . . ." Motion to disqualify at 1. Obviously, this Court cannot grant the relief requested, since the Grand Jury has long-ago completed its work, and issued the indictment in this case.

Second, to the extent the motion may remain viable in that the United States Attorney's Office for the Western District of Pennsylvania continues to prosecute defendant, the Court will deny the motion on the merits. The averments made in his motion to disqualify regarding the United States Attorney's husband's representation of defendant and Bare Elegance in civil

matters relating to incorporation and commercial litigation make it clear that any such representation was unrelated to the matters for which he was indicted, namely, income tax evasion, filing false tax returns and conspiracy to distribute cocaine and ecstacy.

Regarding AUSA Kaufman's return to the United States Attorney's Office after having represented defendant in the early stages of the investigation, he is obviously disqualified from participating in any way, directly or indirectly, in this criminal prosecution, as he and the government acknowledge. The Court is satisfied from the government's response, however, that he has not done so.

AUSA Kaufman formally notified the United States Attorney's Office upon his return from private practice of all of the cases he worked on in private practice so that he and the office could erect a "privilege wall" around those cases, which included Mr. Kosow's investigation and prosecution. There is nothing on the record to suggest that the privilege wall has ever been violated, inadvertently or deliberately, and the Court is quite confidant that AUSA Kaufman has scrupulously honored the attorney client privilege and maintained the privilege wall with regard to Mr. Kosow.

For the foregoing reasons, therefore,

defendant's motion to disqualify the United States Attorney's Office for the Western District of Pennsylvania at Miscellaneous No. 05-322 (doc. no. 1) is **HEREBY DENIED**.

**SO ORDERED** this 16th day of October, 2007

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record and defendant