IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | **Civil Action No. 09-687** |
| **v.** | **)** | **Criminal No. 06-0228** |
| | **)** | **Electronically Filed** |
| **CURT D. KOSOW** | **)** | |

## ORDER DENYING MOTION TO VACATE (DOC. NO. 181 AT CRIM. NO. 06-228) AS PREMATURE

Defendant Curt D. Kosow has filed a pro se Motion to Vacate Judgment of Conviction (doc. no. 181 at Crim No. 06-228) alleging that the government violated his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161 and the Sixth Amendment. Mr. Kosow's counseled direct appeal is pending in the United States Court of Appeals for the Third Circuit. See doc. no. 150, Notice of Appeal.

While there may be no outright jurisdictional bar to consideration of a section 2255 motion to vacate during the pendency of a direct appeal, ordinarily such a motion is deemed premature and dismissed without prejudice. See *Patillo v. Levi*, 2009 WL 1097791, *2 (D.N.J. 2009) ("In the context of a collateral attack upon a federal conviction, courts have concluded that 'there is no jurisdictional bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity.'"), (*quoting United States v. Banks*, 269 Fed. App'x 152, 153 (3d Cir. 2008) (additional citations omitted)).

Accordingly, defendant's motion to vacate (doc. no. 181 at Crim No. 06-228) is

DENIED without prejudice.


                                        s/ Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge


cc:
Curt D. Kosow, pro se
All counsel of record